UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DION BUSH,                           :

     Petitioner,                     :

V.                                   :   CASE NO. 3:06-CV-410 (RNC)

THERESA C. LANTZ,                    :

     Respondent.                     :

RULING AND ORDER

     Petitioner, a Connecticut inmate, brings this action for a
writ of habeas corpus under 28 U.S.C. § 2254 vacating his
convictions for murder and conspiracy on the ground that he was
denied his Sixth Amendment right to effective assistance of
counsel during his criminal trial.  Respondent has moved to
dismiss based on the one-year statute of limitations, 28 U.S.C. §
2244(d)(1).  I agree that the action is time-barred and therefore
grant the motion to dismiss.[1]

I.   BACKGROUND

     Petitioner's conviction became final on October 5, 1999, when
the time limit for seeking a writ of certiorari expired.  In

---

     [1] Petitioner contends that respondent waived the statute of
limitations defense by omitting to include it in an earlier
motion to dismiss.  Rule 5 of the Rules Governing Section 2254
Cases requires that the statute of limitations be pleaded in an
answer to the petition; no rule requires that it be raised in a
pre-answer motion.  Petitioner was not prejudiced by respondent's
failure to raise the defense earlier.  Accordingly, the defense
will be considered on the merits.  See Shoots v. Lamarque, 86
Fed. Appx. 323 n. 1 (9th Cir. 2004) (statute of limitations in §
2244(d)(1) successfully raised in second pre-answer motion to
dismiss).

January 2000, he was transferred to Wallens Ridge State Prison in Virginia.  He alleges that during his incarceration in Virginia, his legal papers were unavailable, his contact with others inside and outside the prison was limited and his access to the prison law library was restricted.  Petitioner was transferred back to Connecticut in January 2001.  He filed a state habeas petition on June 13, 2001.

II.  <u>DISCUSSION</u>

Under 28 U.S.C. § 2244(d)(1), a § 2254 petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year period is tolled while a properly filed application for state habeas relief is pending.  <u>Id.</u> § 2244(d)(2).

Petitioner contends that his petition is timely using the onset dates for the running of the limitations period provided by § 2244(d)(1)(B) and (D).  He also contends that he is entitled to equitable tolling.

A. Section 2244(d)(1)(B)

To obtain the benefit of the onset date provided by §
2244(d)(1)(B), petitioner must prove that (1) he was prevented
from filing a petition (2) by state action (3) in violation of
the Constitution or federal law.  Egerton v. Cockrell, 334 F.3d
433, 436 (5th Cir. 2003).  Withholding a prisoner's legal papers
and failing to provide him with access to library materials may
provide a basis for relief under § 2244(d)(1)(B).  See Brown v.
Ayers, 72 Fed. Appx. 578, 580-81 (9th Cir. 2003); Egerton, 334
F.3d at 438-39.[2]  But impediments of this nature do not "prevent"
a petitioner from filing on time when the petitioner makes no
attempt to obtain legal papers and library materials despite
having an ability to do so.  See Wood v. Spencer, 487 F.3d 1, 7-8
(1st Cir. 2007) (noting that the "verb 'prevent,' in common
parlance, means to frustrate, hold back, or keep from
happening").

Petitioner offers no evidence in the form of his own
affidavit or otherwise that he took any action to obtain his
legal papers while he was at Wallens Ridge.  Nor does he offer

---

[2]  The other matters petitioner complains about do not
provide a basis for relief.  His transfer to Wallens Ridge did
not violate his constitutional rights, see Montalvo v. Strack,
No. 99 Civ. 5087, 2000 WL 718439, at *2 (S.D.N.Y. June 5, 2000),
and restrictions on access to prison staff and other prisoners do
not create an unconstitutional impediment to filing.  See Johnson
v. Girdich, No. 03 Civ. 5086, 2005 WL 427576, at *6-7 (S.D.N.Y.
Feb. 23, 2005).

evidence that he requested materials from the law library there. In the absence of any indication that he tried to obtain his legal papers or library materials and was prevented from doing so by a state-created impediment, he is not entitled to relief under § 2244(d)(1)(B).  See Ramos v. Walker, No. 99 Civ. 5088, 2002 WL 31251672, at *2 (S.D.N.Y. Oct. 8, 2002) (denying relief when petitioner made "no suggestion, for example, that he could not have redrafted any petition that may have been lost as a result of the action of prison authorities or that he could not have obtained copies of state court briefs, transcripts or other papers that might have been required for that purpose").

   B. Section 2244(d)(1)(D)

   Petitioner contends that he is entitled to the benefit of the onset date provided by § 2244(d)(1)(D) because he was unable to discover the facts supporting his claims of ineffective assistance of counsel until after he was transferred back to Connecticut in January 2001.  He has the burden of proof on this issue as well.  See Shabazz v. Filion, No. 9:02-CV-0939, 2006 WL 2792741, at *5 (N.D.N.Y. Jan. 25, 2006) (collecting cases).  See also DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006).

   Petitioner does not specify the facts he was unable to discover until after he returned to Connecticut, the dates he discovered the relevant facts or how he discovered them.  It is reasonably clear, moreover, that he knew about the facts

supporting his claims, or could have discovered them through due diligence, before his convictions became final.[3]  Accordingly, he is not entitled to relief under § 2244(d)(1)(D).

C. Equitable Tolling

Petitioner argues that, in any case, he is entitled to equitable tolling.  To gain the benefit of equitable tolling, he must show that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll."  Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003).  See also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming that equitable tolling applies to § 2244(d), a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (internal quotation omitted)).

Confiscation of a prisoner's legal papers may provide a

---

[3]  Petitioner's ineffective assistance claim is based on his attorney's conduct at trial and a conflict of interest that allegedly prevented the attorney from investigating whether a man named McKnight committed the murder of which petitioner was accused.  The basic facts regarding the attorney's trial conduct were known to petitioner as a result of his attendance at the trial.  With regard to the alleged conflict of interest, petitioner admitted in his state habeas trial testimony that he knew before his criminal trial that the murder weapon used in his case was also used in McKnight's case.  (See Resp.'s Mem. Supp. Mot. Stay or Dismiss, App. G.)  He could have discovered that his attorney also represented McKnight as soon as the prison library obtained a copy of State v. McKnight, 706 A.2d 1003 (Conn. App. Ct. 1998), which was published on February 10, 1998.  See Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000).

basis for equitable tolling.  See Valverde v. Stinson, 224 F.3d
129, 133 (2d Cir. 2000).  Whether denial of access to library
materials can support equitable relief is unclear.  See Watson v.
Smith, 268 Fed. Appx. 86, 87 (2d Cir. 2008); Doe v. Menefee, 391
F.3d 147, 178-79 (2d Cir. 2004).  But see Muller v. Grenier, No.
03 Civ. 1844, 2004 WL 97687, at *2 (S.D.N.Y. Jan. 20, 2004)
("Transfers between prison facilities, solitary confinement,
lockdowns, restricted access to the law library and an inability
to secure court documents do not qualify as extraordinary
circumstances."), aff'd, 139 Fed. Appx. 344 (2d Cir. 2005).  Even
assuming petitioner could prove that the circumstances he faced
in Virginia were so extraordinary as to provide a basis for
equitable tolling, there is no indication that he exercised due
diligence and was prevented from filing his state petition on
time due to circumstances beyond his control.  As discussed
above, he provides no evidence that he took steps to obtain his
legal papers or library materials and was prevented from
obtaining them.  See Watson, 2008 WL 623960, at *1.  Nor does he
offer evidence that he exercised due diligence in seeking help
from his appellate counsel in the criminal case, family, friends,
prison staff or other inmates.  See Muller, 2004 WL 97687, at *3.

IV.  Conclusion

     Accordingly, the motion to dismiss is hereby granted.  The
Clerk will enter judgment for the respondent and close the file.

If after reading this ruling petitioner believes he can overcome the statute of limitations by proving the facts he is required to prove in order to obtain the benefit of either (1) a delayed onset of the limitations period under § 2244(d)(1)(B) or (D), or (2) equitable tolling, he may file and serve a motion to reopen along with an affidavit detailing the specific facts on which he relies.  To be timely, the motion and supporting affidavit must be filed and served by April 20, 2009.

So ordered this 2nd day of March 2009.


                                  /s/ RNC
                          Robert N. Chatigny
                          United States District Judge